NOT DESIGNATED FOR PUBLICATION

No. 117,835

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TALIESA RENEE HUMPHREY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; RON SVATY, judge. Opinion filed May 18, 2018. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Officer, for appellant.

*Douglas A. Matthews*, assistant county attorney, *Amy J. Mellor*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., HILL, J., and WALKER, S.J.

PER CURIAM: In this appeal, Taliesa Renee Humphrey contends the judge arbitrarily revoked her probation and sent her to prison. She asks us to reverse, claiming this was an abuse of discretion. Our review of the record leads us to conclude that while the judge was less than artful in some of his comments to Humphrey, the general tenor of his remarks focused on this being Humphrey's third probation revocation hearing and recent intermediate sanctions were ineffective in inducing Humphrey to rehabilitate. We hold that the court's revocation of her probation was reasonable and not arbitrary. We affirm.

1

*This was not her first revocation hearing.*

Humphrey pled no contest to distribution or possession with the intent to distribute a controlled substance, a severity level 3 drug felony. The court granted a dispositional departure and sentenced Humphrey to 36 months' probation with a 49-month underlying prison term. Humphrey violated her probation on numerous occasions due to her continuous drug usage and failure to complete drug treatment programs.

At Humphrey's first probation violation hearing, the district court imposed a jail sanction instead of revoking her probation so she could receive drug abuse treatment. After more violations, the district court again imposed a greater sanction instead of probation revocation, but it noted that it did not think she was amenable to probation. The district court judge stated that the next violation would result in revocation. Humphrey continued to violate her probation conditions and the judge finally revoked her probation. The revocation journal entry noted her violations:

- Methamphetamine use on several occasions;
- failing to attend group drug and alcohol outpatient sessions; and
- failure to obtain employment.

An exchange between Humphrey and the judge at the final revocation hearing is the real focus of Humphrey's appeal. Humphrey stated that she did not want to be an addict anymore. The judge stated that he was considering two options for the disposition of her case and wanted Humphrey to choose either:

- Unsuccessfully discharge her where she would be out on the streets; or
- impose the underlying prison sentence where she could receive drug treatment services.

The judge then asked Humphrey if she wanted to "get clean or be an addict." Humphrey replied, "I want to be around for my kids. My kids—." At that point, the judge

interrupted Humphrey and stated, "No, you're not. You're telling me—you just answered me. I'm revoking, and you can serve out your time."

The judge then stated that he gave Humphrey a chance to let her walk out of there. The judge also informed Humphrey that when she said she was concerned about her kids, that meant she did not really want to stop being an addict. When Humphrey asked what that meant, the judge said it meant that she was going to prison and she was going to have a chance to get clean. The judge then stated, "[Y]ou're shaking [your] head on me, so that tells me you don't really want to give up your addiction."

At this point, Humphrey's attorney asked the judge if he would consider modifying her sentence. The judge stated that he was imposing the underlying sentence, adding: "That's what I'm sticking with. Because if she had answered my question correctly, I would have done anything she wanted. . . . I would have cut it back if she had said I want to get clean."

Humphrey brings this appeal, contending that based on the judge's comments at the revocation hearing, he arbitrarily revoked her probation and sent her to prison. Humphrey relies on the judge's statement that he "would have done anything she wanted" had Humphrey correctly answered the question. She also argues that her statement that she wanted to be around for her kids implied that she wanted to overcome her drug addiction, not continue using drugs. She contends that the revocation was unreasonable because the judge based his decision to revoke on Humphrey's response to a single question.

*We list the rules that govern our analysis.*

Before revoking probation, a court must first establish that a probationer has violated the probation terms and conditions by a preponderance of evidence. *State v.*

*Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Here, both parties admitted that Humphrey violated her probation conditions; thus, there was no need for evidence on this point. We move now to the decision of whether to revoke her probation.

The cases are clear on this point. Once there has been evidence of a violation of the conditions on which probation was granted, revocation is in the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). That means we must review this matter for an abuse of discretion. Judicial discretion can be abused in three ways:

- If no reasonable person would have taken the view adopted by the trial court;
- if the judicial action is based on an error of law; or
- if the judicial action is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

But a court cannot ignore graduated intermediate sanctions. Neither can we.

Specifically, K.S.A. 2017 Supp. 22-3716 creates a framework of graduated sanctions for the district courts to follow when imposing sanctions for probation violations. Section (c)(1)(E) states that a district court may revoke probation and impose the original sentence if the violator had previously received a 120-day or 180-day sanction. Such sanctions are not new to Humphrey. She has already received a 3-day "quick dip" sanction, a 20-day sanction, and a 120-day sanction. Thus, under the statute discussed above, the district court had the discretion to send her to prison to serve her sentence. We now examine the court's comments that give rise to this appeal.

At the revocation hearing, there seemed to have been some miscommunication between the judge and the defendant. From the record, it appears the judge expected a specific answer from Humphrey although he did not tell her what that correct answer

4

would be. At the end of the exchange the judge indeed said that he would have done anything Humphrey requested if she had just said she wanted to get clean. The record also discloses that the judge did not give Humphrey an opportunity to ask for clarification. The judge repeatedly interrupted Humphrey every time she tried to answer or ask a question.

We are mindful that this decision was not made in a vacuum. Our reading of the transcript persuades us that while the district judge may not have clearly articulated his reasons for revocation, the context of the exchange suggests that the judge's thoughts behind revoking Humphrey's probation was so that she could use the jail time to get clean and then enter a drug treatment program after serving her sentence. The State presented evidence that suggests Humphrey has a difficult time staying drug free and completing both inpatient and outpatient drug treatment programs while on probation. Because Humphrey admitted to every probation violation, there is no dispute that she had a difficult time complying with her probation terms. It is reasonable to conclude that Humphrey cannot stay clean in spite of the nonprison sanctions, as she continued to test positive for illicit drug usage and she was unsuccessfully discharged from inpatient and outpatient drug treatment programs.

Frankly, we do not view this revocation decision as arbitrary because the district court had already imposed graduated sanctions on Humphrey and the district court had the statutory discretion to revoke under K.S.A. 2017 Supp. 22-3716. After all, the court told Humphrey at prior hearings that the next violation would result in revocation.

Further, we hold this revocation to be reasonable. We have no doubt that a reasonable person could find that the district court revoked Humphrey's probation because she was not amenable to probation as evidenced by unsuccessful discharges from drug treatment programs and her inability to stay drug free. Even though the judge ineptly suggested a different outcome might have occurred had Humphrey answered

5

differently, we must judge the outcome that was actually imposed. In our view, this decision was not based on an error of law or fact. Therefore, the district court did not abuse its discretion in revoking Humphrey's probation.

Affirmed.